UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES LATTANZIO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-171-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MAYME BRUNACINI, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of various motions, including the defendants'
motion to dismiss [Record No. 23], the plaintiff's motion to file an amended complaint [Record
No. 26], the plaintiff's motion for leave to file a sur-reply [Record No. 30], and the plaintiff's
motion to disqualify counsel [Record No. 31]. For the reasons explained below, the plaintiff's
motion to file an amended complaint will be granted, but all other motions will be denied.
Further, this action will be stayed, pending full adjudication of the parallel state court action.

## I.     Motion to Dismiss

Defendants argue that counts 2-8 should be dismissed under Rule 19 of the Federal
Rules of Civil Procedure, and that the remaining count should then be dismissed for lack of
subject matter jurisdiction. They contend that the plaintiff has failed to meet the amount-in-
controversy requirement.[1]  [Record No. 23, p. 1]  In the alternative, defendants request that
that the Court, "if it has the authority," transfer this case to state court. *Id.*  As an initial matter,

---

[1]     While not stated as such, the defendants' Rule 19 motion is properly a motion to dismiss
under Rule 12(b)(7). Their argument for dismissal of Count 1 for lack of subject-matter
jurisdiction is properly a motion to dismiss under Rule 12(b)(1).

federal courts are without authority to transfer a matter to state court that did not originate in state court. *See, e.g., Majek Fire Protection, Inc. v. Carusone Construction, Inc.*, No. 03-3692, 2006 WL 1704562 at *1 (E.D. Pa. June 13, 2006). Much like removal which is effectuated by a party and not by a court, state statutes which permit a transfer from federal court require the transfer be done at the behest of the parties themselves. *Id.* Therefore, this Court has no ability to grant the latter-sought relief. Therefore the request that Counts 2 -8 be dismissed under Rule 19 will be denied.

In *PaineWebber, Inc. v. Cohen,* 276 F.3d 197 (6th Cir. 2001), the Sixth Circuit established a three-step analysis to determine whether a case should proceed in the absence of a particular party, as set forth in Rule 19 of the Federal Rules of Civil Procedure. First, the court must determine whether the absent "person is necessary to the action and should be joined if possible." *Id.* at 200. (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd.,* 181 F.3d 759, 763-64 (6th Cir. 1999)). If the court determines that a party is necessary, it must next determine whether the party is subject to personal jurisdiction and can be joined without destroying the basis for subject matter jurisdiction. *Id.* (citing *Keweenaw Bay Indian Cmty. v. Michigan,* 11 F.3d 1341, 1345-46 (6th Cir. 1993)). If the party cannot be joined without destroying subject matter jurisdiction, then the court must determine, in light of the four factors described in Rule 19(b), whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed. *Id.* (citing *Soberay Mach. & Equip. Co.,* 181 F.3d at 764). If a court determines at the first step that the absent person is not necessary to the action, no further analysis, and no joinder, is needed. *Yates v. Applied Performance Techs., Inc.,* 209 F.R.D. 143, 148 (S.D. Ohio 2002) (citing *Local 670, United Rubber, Cork, Linoleum & Plastic Workers of Am. v. Int'l Union,* 822 F.2d 613, 618 (6th Cir. 1987)).

For their part, defendants address the latter steps of the analysis (i.e., joinder and indispensability) without establishing whether other individuals are actually necessary. Defendants identify a number of individuals as necessary, all of whom are currently defendants in a parallel Scott County Circuit Court action. They suggest that the present action and the Scott County case arises from a common nucleus of operative facts, and argue that proceeding without those individuals would be prejudicial. [Record No. 23, pp. 2-3] It is apparent from the federal pleadings and the exhibited pleadings from the Scott County action that the cases arise from a common nucleus of operative facts, and that the defendants here and those named in the state court proceeding allegedly are joint tortfeasors. Because it has long been held that joint tortfeasors are permissible -- but not necessary -- parties, this case fails to raise a Rule 19 issue on the first step of the analysis. Accordingly, defendants' Rule 19 motion fails.

To be sure, the caselaw and the oft-cited Advisory Committee notes to Rule 19 speak of "joint and several liability schemes," *see, e.g., Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990), whereas Kentucky has adopted a several-only liability scheme. *See* Ky. Stat. § 411.182 (1988); *Degener v. Hall Contracting*, 27 S.W.3d 775 (Ky. 2000). Rather than bolstering their position, the several-only liability scheme undermines defendants' Rule 19 argument. Kentucky's liability scheme shields defendants from "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" under Rule 19(a)(1)(B)(ii). That is not to say that a several-only liability scheme is dispositive under Rule 19(a)(1)(B)(ii), because the provision is also geared towards multiple-potential-plaintiff scenarios. However, in this case, the Court is dealing with a single plaintiff.

Specifically, the present action involves claims of false light publicity, defamation, tortious interference with business income and livelihood, intentional infliction of emotional

distress, "conspiracy to convert, defame and harm plaintiff," and "moral outrage." [Record No. 8] Plaintiff Lattanzio was at one point a lessee of farm property from Defendant Brunacini. [Record No. 8, p. 2; Record No. 24, p.4] He alleges that Brunacini "willfully breached the agreement and unlawfully evicted [him]." [Record No. 8, p. 2] According to plaintiff, defendants then "went on a campaign to publicly 'smear' [him]." *Id.* This alleged campaign to tarnish plaintiff's reputation is the basis for the remainder of the claims, and is the basis for the Scott County Circuit Court proceeding in which the plaintiff has named others involved in the alleged conspiracy. In the state court proceeding, Lattanzio also raises claims for trespass and stalking, which he claims are the basis for Brunacini's breach of their lease agreement, and the partial foundation for the allegedly fictitious and defamatory news story.

According to the amended complaint filed as an exhibit in this proceeding, the action filed in the Scott Circuit Court now contains some 29 counts against various defendants. [Record No. 23, Exhibit 1] There is no dispute that the issues are inextricably linked. However, as relevant to the Rule 19 analysis, the defendants here and the defendants in the Scott Circuit case remain (alleged) joint tortfeasors. While it is certain that the dual proceedings will create substantial overlap in the proceedings, including requiring defendants in one case to appear as witnesses in the other, Rule 19 is concerned with the protection of other interests. Those interests include a potentially diminished trough of resources from which absent plaintiffs may recover, and the possibility of a defendant incurring double or multiple liability. Those concerns are not present here, where there is a single plaintiff, and no individual or entity is a defendant in both lawsuits. Further, issues of *res judicata* are not proper considerations for Rule 19, as Rule 19 is concerned with *practical* rather than *legal*

implications.  *See generally* William J. Katt, *Res Judicata and Rule 19*, 103 NW. U. L. REV. 401 (2009).

## II.       Amendment of the Plaintiff's Complaint

Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend his complaint once, as a matter of course, either within 21 days after serving it, within 21 days after service of a responsive pleading, or within 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Thereafter, amendments are permitted only with the opposing party's written consent or leave of court.  Fed. R. Civ. P. 15(a)(2).  Leave of court is to be freely given where justice so requires.  *Id.*  Because the plaintiff has already filed one amended complaint under Rule 15(a)(1) [*See* Record No. 6], the present motion to amend is permissible only with agreement of the opposing parties or leave of court.

Defendants oppose leave to file the amended complaint.  They assert that the amendment is intended only to cure a potential jurisdictional issue: the amount in controversy.  [Record No. 27]  Defendants argue that the amendment, therefore, is prejudicial because, if the Court dismisses counts 2-8 (as requested), the remaining count would not be sufficient to retain jurisdiction, and the action would be subject to dismissal.  *Id.*  Defendants' objections are not persuasive, especially in light of the generous Rule 15 allowance which is meant to permit courts to retain jurisdiction over legitimate controversies.  Factors relevant to the determination of whether to allow an amendment include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir. 2001).

The plaintiff's motion to amend his complaint was filed on October 24, 2016, or twelve days after defendants' answer and motion to dismiss were filed.  Had an amended complaint not previously been filed, the present amended would be timely under Rule 15(a)(1).  Therefore, plaintiff's filing was not unduly delayed.  Second, the motion is not without notice to the opposing party, there is nothing to suggest it was made in bad faith, and it does not reflect a repeated failure to cure deficiencies by previous amendments.  Rather, the present amendment is a straightforward response to the motion to dismiss, aiming to retain this Court's jurisdiction over count 1 should the Court dismiss counts 2-8.  As stated earlier, Rule 15 is meant to allow a court to retain jurisdiction over a legitimate controversy.  Defendants do not refute that there is a legitimate controversy over the hay crop.  Further, the amendment is germane to what was pleaded in the initial complaint—the foreseeable proceeds from a hay crop.

The final questions are whether the amendment is unduly prejudicial to the opposing party and whether the amendment is futile.  Addressing the latter question first, the amendment is not futile.  Should counts 2-8 be dismissed at some point, jurisdiction over the remaining count will be lacking, but for the present amendment.  It is this issue (i.e., the effect of retaining jurisdiction) that defendants argue make the amendment prejudicial.  While the amendment does not favor their intended result, they have not established undue prejudice.  This case remains in the early stages, as a scheduling order has yet to be entered.  Further, if the defendants believe that the alleged value of the hay crop is extraordinary as suggested in their Answer [Record No 24, p. 2], they will have an opportunity to establish as much.

### III.    Filing of a Sur-Reply

The plaintiff's motion for leave to file a sur-reply regarding defendants' motion to dismiss is also pending. [Record No. 30] Sur-replies are only appropriate when necessary to address new issues raised for the first time in a reply brief. *See Aslani v. Sparrow Health Systems,* No. 08-298, 2009 WL 3711602 at *23 (W.D. Mich. Nov. 3, 2009) (citing cases). Defendant's reply brief [Record No. 28] raises no new arguments. Therefore, a sur-reply is unwarranted, and the motion will be denied.

### IV.    Attorney Disqualification

Under Sixth Circuit caselaw, attorney disqualification is only appropriate in cases of an actual conflict of interest. *See, e.g., Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991) (listing cases). Other circuits have approved attorney disqualification where misconduct is shown. *Id.* In the present case, the plaintiff raises no colorable claim of misconduct by attorney Rawdon. However, attorney Rawdon has been made a party in the parallel state proceeding. Plaintiff utilized Rawdon's status in the other proceedings as basis for his first disqualification motion [Record No. 18, p. 1], and defendants now utilize it as a basis for their Rule 19 motion [Record No.   23, p. 2]. Such obfuscation is troubling, particularly in light of the possibility that Rawdon was added as a defendant in the state court proceeding in an attempt to have him disqualified in both actions.

The fact of Rawdon's being added as a party in the related state court proceeding does not mean that the state court will permit him to remain a party. Parties cannot implead counsel for the sole purpose of disqualification. A motion for disqualification is currently pending in the related state court matter, where Rawdon is apparently serving as counsel to another defendant. On the facts before this Court, there is no concrete evidence of a conflict of interest, and until the state court rules on Rawdon's status in that court, there can be no resolution.

Despite the *potential* conflict, the motion currently pending before this Court does not provide a proper basis for disqualification.

## V.      Abstention

As mentioned previously, this case shares a common nucleus of operative fact with the action pending in the Scott Circuit Court, Civil Action No. 16-CI-197, styled: *Lattanzio v. Johnson, et al.*  Parallel state and federal proceedings raise the issue of abstention as articulated by *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976).  A court may raise the issue of abstention *sua sponte*.  *See, e.g., Nationstar Mortgage, LLC v. Knox*, 351 F. App'x 844, 851 (5th Cir. 2009).

Because there is a strong policy interest in retaining federal jurisdiction, abstention is only to be used in extraordinary circumstances.  However, where the same plaintiff attempts to litigate the same issues in separate fora, abstention may be appropriate.  *See, e.g, Spark Energy Gas, LP v. Toxikon Corp.*, 864 F. Supp. 2d 210, 221 (D. Mass. 2012).  As the First Circuit and other courts have recognized, "the removal statute, which authorizes defendants but not plaintiffs to remove a case from state to federal court, reflects Congress' intent to limit plaintiffs to their initial choice of forum."  *Id.*  (citing *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915 F.2d 7, 14 (1st Cir. 1990) (listing cases)).  While not dispositive for abstention purposes, this cases involves a single plaintiff who filed one suit in state court against numerous, alleged joint tortfeasors, and then proceeded to file a second case in federal court against the final alleged joint tortfeasor (and that individual's LLC).  The cases involve many of the same claims, including a shared conspiracy count.

The threshold question in considering *Colorado River* abstention is whether the state court proceedings are parallel.  *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004)

(citation omitted). It is not necessary that the proceedings be identical, but only "substantially similar." *Id.* (quoting *Romine v. Compuserve Corp.,* 160 F.3d 337, 340 (6th Cir. 1998)). Further, it is not necessary that the parties be identical. *Id.* (citing *Heitmanis v. Austin,* 899 F.2d 521, 528 (6th Cir. 1990)). As discussed above, there is little question that the two cases are substantially similar—plaintiff and defendants' pleadings have established as much. The plaintiff is the same, the operative facts—a dispute arising out of a lessor-lessee relationship, and an eventual television news story—are the same, and causes of action are all state common-law claims, including breach of contract, trespass, and various reputational-tort claims. Because the cases are parallel, analysis is warranted to consider whether abstention under *Colorado River* is appropriate. Importantly, under Sixth Circuit authorities, where *Colorado River* abstention is appropriate, the district court should stay (rather than dismiss) the action. *See Taylor v. Campanelli*, 29 F. Supp. 3d 972, 981 (E.D. Mich. 2014) (citing, *inter alia*, *Bates*, 122 F. App'x at 808-09) ("The Sixth Circuit has expressly held that when a court invokes *Colorado River* abstention, a stay, rather than dismissal, is the 'preferred course of action.'").

As explained in *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206–07 (6th Cir. 2001), the Supreme Court has identified eight factors that a district court should consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of a state court. They are: (1) whether the state court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or

absence of concurrent jurisdiction. *Id.* at 206 (citing *Romine,* 160 F.3d at 340–41). The decision whether to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983)).

The first factor does not favor abstention, because real property is not at issue. The second factor asks whether the federal forum is less convenient to the parties. Here, the respective courthouses are in adjoining counties, and the defendants in the federal proceeding reside out of state. Because out-of-state Defendant Mayme Brunacini is expected to testify in the state court proceeding, the existence of dueling, rather than consolidated, litigation is certainly less convenient. However, because this factor concerns only the relative conveniences of the fora, it does not favor abstention.

The third factor is the avoidance of piecemeal litigation. In fact, "the most important factor courts are to consider is whether there exists a clear federal policy evincing the avoidance of piecemeal adjudication." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l,* 556 F.3d 459, 467 (6th Cir. 2009) (quoting *Colorado River,* 424 U.S. at 819). In *Colorado River*, the "federal policy" considered was derived from the "statutory scheme at issue." *Id.* Here, there is no federal statutory scheme at issue. However, as many Courts of Appeals have recognized, the nature of the removal statute evidences a policy choice by Congress that a plaintiff should be bound by his initial choice of venue. *See Villa Marina Yacht Sales, Inc.,* 915 F.2d at 14 (listing cases). In *Villa Marina Yacht Sales*, the First Circuit cited decisions from the Second, Seventh, and Ninth Circuits recognizing that this Congressional policy choice was a relevant consideration when evaluating duplicative lawsuits

-10-

filed by plaintiffs.  And, as the Sixth Circuit recognized in *Romine,* where the state and federal action depend on the resolution of the exact same issue, "the threat of piecemeal results" is especially high.  160 F.3d at 341.  The plaintiff here chose to file duplicative cases despite his ability to obtain full relief among all defendants in a single state court action.  Further, given the nature of the motions filed here, including a motion to disqualify defendants' counsel based on conduct in the state court proceedings, plaintiff's choice of duplicative litigation has significantly muddied the waters and compromised the ability of this court to efficiently decide the issues before it.  Thus, the third factor strongly favors abstention.

The fourth factor is the order in which jurisdiction was obtained.  The Scott County Circuit Court action was initiated on March 25, 2016, while the present action was initiated on May 31, 2016.  The two-month difference is not especially meaningful, but it is noteworthy that the state court action was filed first.  This factor also favors abstention.

The fifth factor is whether the source of governing law is state or federal.  The source of law governing the entirety of both lawsuits is state law.  However, given that the claims are common law claims, both courts are equally competent, and there is no particular issue of state law that for policy reasons should be left to the state courts, or issue of federal law that is particularly suited to a federal forum.  This factor favors abstention, but not strongly.

This sixth factor is the adequacy of the state court action to protect the federal plaintiff's rights.  This factor favors abstention because there are no particular rights the plaintiff has in the federal forum that he does not also possess in the state forum, including the ability to sue the federal defendants.

The seventh factor is the relative progress of the state and federal proceedings.  This factor likewise favors abstention.  This federal action remains at the initial pleading stages,

with no scheduling order having been entered.  However, the state court action has proceeded to discovery, with numerous depositions having been noticed.  [*See* Record No. 20, p. 3]

Finally, jurisdiction over these claims is wholly concurrent.  Therefore, the eighth factor (i.e., the presence or absence of concurrent jurisdiction) favors the retention of federal jurisdiction.

As the Sixth Circuit held in *Romine*, the nature of the plaintiffs (same in both actions), the progress of the state court action (substantially further than the federal proceeding) and the order of filing (state court action filed first) counsel strongly in favor of abstention.  160 F.3d at 341-42.  Perhaps most importantly, the avoidance of piecemeal litigation, especially where judicial resources and the labor of the parties will require substantial duplication, strongly favors abstention.  The factors cutting against abstention include the equal convenience of the fora, the lack of any *res* having been taken possession of by the state, and the presence of concurrent jurisdiction.  Of course, the eight factors are not a mechanical checklist, and the Supreme Court has held that the balance must be "heavily weighted in favor of the exercise of jurisdiction."  *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 16.  The facts of this case, however, weigh in favor of abstention.  Plaintiff chose to file duplicitous lawsuits despite having a complete remedy available to him in a single forum.  The state court action has proceeded substantially beyond the present case, and the dangers of piecemeal litigation have already manifested themselves through the pleadings in this case.  Because Sixth Circuit caselaw requires a stay rather than dismissal, this action will be stayed pending the full resolution of the Scott County Circuit Court action.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

-12-

(1)      Defendants' motion to dismiss [Record No. 23] is **DENIED**.

(2)      Plaintiff's motion for leave to file an amended complaint [Record No. 26] is **GRANTED**.

(3)      Plaintiff's motion for leave to file a sur-reply [Record No. 30] is **DENIED**.

(4)      Plaintiff's second motion to disqualify counsel [Record No. 31] is **DENIED**.

(5)      This action is hereby **STAYED** pending full adjudication of the parallel action in Scott County Circuit Court, Civil Action No. 16-CI-197.  The parties are directed to file status reports each sixty days while the state court action remains pending and otherwise notify this Court if the state court action is resolved, dismissed or otherwise concluded.

This 8ᵗʰ day of December, 2016.

Signed By:

*Danny C. Reeves*    DCR

**United States District Judge**

-13-