UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES LATTANZIO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-171-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MAYME BRUNACINI, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendants Mayme Brunacini and La Mame Kentucky, LLC's motion for partial summary judgment [Record No. 65] The defendants seek summary judgment with respect to claims in Count I, in which Plaintiff James Lattanzio seeks a court judgment perfecting his lien for $37,000. For the reasons explained below, the defendants' motion will be granted.

## I.

This case involves an ongoing legal dispute between Lattanzio and Mayme Brunacini and La Mame Kentucky, LLC. The defendants' motion seeks only partial summary judgment on part of Count I; therefore, the Court will only address the facts relevant to this portion of the parties' dispute. At one time, Lattanzio leased farm land from Brunacini but alleges that he was deprived of possession and the value of the hay crop he had previously seeded on January 1, 2015. [Record No. 60, p. 2, ¶¶ 1-2] The hay crop was later cultivated, in part, by Scott Mallory, a subsequent tenant of the farm. *Id.* at ¶ 4. Lattanzio filed a lien statement with the Scott County Clerk's Office on March 10, 2016, which was later amended on March 22,

- 1 -

2016.  [Record Nos. 65-1; 65-2]  Lattanzio stated in the amended lien statement that he "did seed, [the] property in 2014 in preparation for [his] crop and was then denied access to [the] crop."  [Record No. 65-2]  The lien is for $37,000.00, plus filing and legal costs.  *Id.*

## II.

Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).  A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.  That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

A party moving for summary judgment bears the burden of demonstrating conclusively that no genuine issue of material fact exists.  *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008).  Once the moving party meets his burden of production, the nonmoving party must come forward with significant probative evidence to defeat a properly supported motion for summary judgment.  *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).  In deciding whether to grant summary judgment, the Court views all the relevant facts and inferences drawn from the evidence in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.**

"In Kentucky, liens are created by statute, and therefore the operation, extent, and rights created by the lien must be determined by the language of the statute." *3D Enterprises Contracting Corp. v. Louisville and Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky. 2005). "'Kentucky adheres to the rule that the statutory provisions for perfecting a lien must be strictly followed.'" *Id*. at 445-46 (quoting *Laferty v. Wickes Lumber Co.*, 708 S.W.2d 107, 108 (Ky. Ct. App. 1986)).

KRS § 376.010(1) sets for the prerequisites for a valid mechanic's lien:

> Any person who performs labor or furnishes materials, … for the improvement in any manner of real property including the furnishing of agricultural lime [or] fertilizer, … shall have a lien thereon, and upon the land which the improvements were made or on any interest the owner has therein, to secure the amount thereof with interest as provided in KRS 360.040 and costs.

KRS § 376.080 clearly and unequivocally states that, unless the claimant perfects the lien by filing a lien statement with the county clerk within six months after the date the claimant ceases to labor or furnish materials, a lien provided for in KRS 376.010 is dissolved. *See* KRS § 376.080.

Lattanzio alleges in Count I oh his Amended Complaint, in part, that he seeded 60+ acres of farm land for the 2015 hay crop. [Record No. 60, p. 2, ¶ 1] Accordingly to Lattanzio, he was deprived of the possession and value of his hay crop on January 31, 2015. *Id*. at ¶ 2. Therefore, the last day Lattanzio could have labored or furnished materials towards the crop was January 31, 2015. Lattanzio has not alleged he continued any work on the crop after this date. He filed a lien statement with the county clerk's office on March 10, 2016, which was later amended on March, 22, 2016. [Record Nos. 65-1; 65-2; 60, p. 2, ¶ 5] Because Lattanzio

failed to file the lien statement with the county clerk's office within six months after the date he ceased to labor or furnish materials towards the crop, the lien was dissolved and is unenforceable against Brunacini or La Mame Kentucky, LLC. *See* KRS § 376.080.

Lattanzio contends that the work done by a subsequent renter of the property should count towards work done on the hay crop and factor in the decision regardomg when the six month period to file begins to run. [Record No. 68] However, he provides no support for this assertion and it is inconsistent with the clear and unambiguous language of the statute that states "within six (6) months after *he* ceases to labor or furnish materials." KRS § 376.080. Accordingly, summary judgment is appropriate regarding Lattanzio's claim against Brunacini and La Mame Kentucky, LLC, for a judgment perfecting his lien for $37,000.00.

## IV.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1.      Defendant Brunacini and La Mame Kentucky, LLC's Motion for Partial Summary Judgment [Record No. 65] is **GRANTED**.

2.      Plaintiff Lattanzio's claim against Brunacini and La Mame Kentucky, LLC, for judgment perfecting his lien in Count I is **DISMISSED**, with prejudice.

This 6th day of March, 2018.



Signed By:

*Danny C. Reeves* DCR

United States District Judge