UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES LATTANZIO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-171-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MAYME BRUNACINI, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant NBCUniversal, LLC's ("NBCU") motion to dismiss Plaintiff James Lattanzio's Amended Complaint and motion for a more definite statement. [Record No. 75] NBCU argues that the claims asserted against it by Lattanzio should be dismissed pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure. NBCU moves in the alternative for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. For the reasons explained below, the defendant's motion to dismiss for lack of personal jurisdiction will be granted.[1]

**I.**

The claims against NBCU arise out of injuries allegedly caused by an October 1, 2015 news report aired by WLEX Communications, LLC ("WLEX") on WLEX Channel 18 and a

---

[1] Lattanzio appears to request that the Court disallow the filing of the five exhibits NBCU attaches to its motion because the "exhibits do not comply with LR. 83.10." However, Rule 83.10 of the Joint Local Rules of Civil Procedure for the United States District Court for the Eastern and Western Districts of Kentucky applies to the management of exhibits used during a civil trial and has no bearing on the current motion pending before the Court.

related report WLEX published on its website. [Record No. 60, ¶¶ 4, 24] Lattanzio initially filed this action against Defendants Mayme Brunacini and La Mame Kentucky, LLC, on May 31, 2016. [Record No. 1] He then filed an Amended Complaint on November 22, 2017, which added NBCU as a defendant and contained claims of defamation, gross negligence and abuse of process under Kentucky common law. [Record No. 60] NBCU then moved to dismiss Lattanzio's Amended Complaint for lack of personal jurisdiction and for failure to state a claim.

## II.

The plaintiff has the burden of establishing personal jurisdiction. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). He must make a two-part prima facie showing to survive a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure. First, the plaintiff must demonstrate that "jurisdiction is proper under a long-arm statute or other jurisdictional rule of . . . the forum state." Second, he must show that "the Due Process Clause also allows for jurisdiction under the facts of the case." *Id.* The analysis ends if either part of the test is not met. *See id.* at 711-12 ("[I]f jurisdiction is not proper under the Due Process Clause[,] it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa.").

However, the prima facie burden is "'relatively slight.'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1989)). In determining whether a plaintiff has made this necessary showing, the Court views the parties' submissions "in a light most favorable to the plaintiff," disregarding any contrary assertions by the defendant. *Id.* (citing *Theunissen*

*v.Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). Nevertheless, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458; *see also Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006) (for purposes of a 12(b)(2) motion, a prima facie case consists of "specific facts that support a finding of jurisdiction").

### III.

"When a federal court sits in diversity, it may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015) (citing *Kerry Steel Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 148 (6th Cir. 1997)). Personal jurisdiction over a nonresident defendant under Kentucky's long-arm statute consists of a two-step process. The Court first must look to see if the cause of action arises from the type of conduct or activity enumerated in the statute. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). A claim "arises from" certain conduct when there is a "reasonable and direct nexus" between the conduct causing injury and the defendant's activities in the state. *Id*. at 59. If the conduct or activity does not fall under the categories enumerated in the long-arm statute, then the defendant is not subject to personal jurisdiction in Kentucky. *Id*. at 57. If, however, the conduct does fall under the long-arm statute, the Court must assess if exercising personal jurisdiction over the non-resident defendant offends its federal due process rights. *Id*.

In relevant part, Kentucky's long-arm statute provides for personal jurisdiction over an out-of-state defendant when a claim "arises from":

(1) Transacting any business in this Commonwealth;

(2) Contracting to supply services or goods in this Commonwealth;

KRS § 454.210(2)(a). Lattanzio has only made conclusory allegations regarding NBCU's contacts with Kentucky.

First, he argues that NBCU transacts business in Kentucky by relying on two declarations filed in an unrelated case from the United District Court for the Southern District of New York. [Record Nos. 82, pp. 2-3; 82-2, pp. 1-8] But these declarations cited in and attached to Lattanzio's Response do not provide support for the contention that NBCU transacts business in Kentucky. They contain only factual allegations involving NBC Universal Media, LLC, a wholly owned subsidiary of NBCU.[2] *See* Record No. 75-2, ¶ 3.

Not only has the issue of personal jurisdiction over NBC Universal Media, LLC been decided by the Scott Circuit Court, but in the absence of an alter-ego relationship, personal jurisdiction is proper only if a parent corporation directly maintains contacts and activities with the forum. *See Modern Holdings, LLC v. Corning Inc.*, 2015 WL 1481443, at *5 (E.D. Ky. Mar. 31, 2015); *see also, e.g.*, *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (adopting alter-ego theory of personal jurisdiction in parent-subsidiary context). Here, Lattanzio has made no arguments that the separate NBC entities are merely NBCU's alter ego. Instead, he only makes a passing reference stating "NBC owns or directs these other Scott [Circuit Court] case 'entities.'" [Record No. 82, p.1] Lattanzio

---

[2] While the declarations relied on by Lattanzio refer to NBCUniversal Media, LLC as "NBCU," the same acronym used in this matter for NBCUniversal, LLC, this does not mean that the two companies are the same. *See* Record No. 75-2 (explaining that NBCUniversal Media, LLC is a wholly owned subsidiary of NBCUniversal, LLC).

provide no support for his conclusory assertion which is insufficient to satisfy his burden of establishing personal jurisdiction based on an alter-ego theory.

Lattanzio next alleges that NBCU transacts business in Kentucky because it is affiliated with and broadcasts content in several cable television markets in Kentucky. *Id*. at p. 3. The only support he provides for this assertion is what appears to be a self-made list of local news stations, the source of such information is unclear. *See* Record No. 82-2, p. 10. The plaintiff provides no support for the contention that NBCU entered into "affiliate agreements" with the Kentucky markets listed. Nor does the declaration of Pat Dalbey show that NBCU "require[s] the Kentucky markets to place the MBC [sic] 'copywriters' and trademark logo's publically." *Id*. As the Court previously discussed, the declarations only deal with factual allegations against NBC Universal Media, LLC, not NBCU, the defendant in this case. Even assuming the factual allegations show that NBCU transacts business in Kentucky, Lattanzio fails to show a "reasonable and direct nexus" between the alleged conduct of NBCU in the Amended Complaint (defamation, negligence, and abuse of legal process) and any alleged affiliate agreements with various Kentucky news stations. *See* KRS § 454.120(a); *Caesars*, 336 S.W.3d at 59.

Finally, Lattanzio contends that NBCU conducts business in Kentucky relying on contractual agreements regarding the Kentucky Derby and the production of an unnamed television series in Kentucky. [Record No. 82, p. 3] Once again, however, he provides no support for these contentions besides his own conclusory allegations that NBCU is the entity responsible for these alleged contacts. Further, this is not an action arising from contractual disputes regarding the Kentucky Derby. Nor is it arising

from the production of an unnamed television series. Instead, it is an action seeking compensation for alleged defamation and negligence in the publication of a news story by a local news station, and for an alleged abuse of legal process in a state court action. These two contacts cannot establish long-arm jurisdiction under Kentucky law for the plaintiff's claims.

### IV.

Lattanzio has failed to satisfy the burden of setting forth specific facts establishing that NBCU's conduct fits within any of the categories enumerated in Kentucky's long-arm statute. As a result, this Court lacks personal jurisdiction over NBCU, and dismissal under Rule 12(b)(2) is appropriate. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant NBCUniversal, LLC's Motion to Dismiss [Record No. 75] is **GRANTED**.

2. To the extent the defendant's motion seeks a more definite statement [Record No. 75] the requested relief is **DENIED**, without prejudice, as moot.

3. The plaintiff's motion to disqualify NBCU's counsel [Record No. 79] is **DENIED**, as moot.

4. Plaintiff Lattanzio's claims against NBCU are **DISMISSED**.

This 20th day of March, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge