UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES LATTANZIO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-171-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MAYME BRUNACINI, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On March 6, 2018, the Court granted partial summary judgment in favor of Defendants Mayme Brunacini and La Mame Kentucky, LLC. On the same date, the Court denied *pro se* Plaintiff James Lattanzio's motion seeking to void a judgment of the Scott Circuit Court. [Record Nos. 98 and 99] In part, Lattanzio's motion to void the state court's judgment was based on his claim that the circuit judge ignored his arguments in ruling against him. Likewise, the circuit judge allegedly declined to recuse when Lattanzio asked for that relief following adverse rulings. [Record No. 83] But as this Court explained in denying Lattanzio's attempt to set aside the state court's prior determinations:

> under the *Rooker-Feldman* doctrine, this Court does not have subject matter jurisdiction to grant the requested relief. The *Rooker-Feldman* doctrine holds that federal district courts should not sit in direct review of state court decisions and orders. . . . While Latttanzio may seek review of such determinations from the United States Supreme Court, he cannot use this Court as a third-level of appellate review for adverse state court determinations.

[Record No. 99] Lattanzio sought reconsideration of this ruling, but that request was denied. [Record Nos. 102 and 104]

Lattanzio now moves the undersigned to recuse from further participation in this matter under 28 U.S.C. § 455(a) and to stay the proceedings while he seeks appellate review. [Record No. 110] More specifically, based on prior rulings of this Court which have been adverse to Lattanzio, the plaintiff argues that the undersigned has "willfully chosen to knowingly ignore his oath of office, the law and a partiality deftness towards [the] pro se plaintiff in the matter before him." [*Id.*] Because Lattanzio's arguments are totally without merit, his motions will be denied.[1]

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "A district court judge must recuse himself where a reasonable person with knowledge of the all facts would conclude that the judge's impartiality might reasonably be questioned." United States v. *Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (quotation marks omitted). This is an objective standard. *Id.* As explained in *Liteky v. United States*, 510 U.S. 540 (1994):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do

---

[1] Although Lattanzio's ire is *clearly* the result of adverse rulings in this case, he contends that his motion is not based on those adverse rulings. And he argues that to draw such a conclusion would amount to further bias. [Record No. 110 at pp. 1-2] While this circular logic is interesting in an *Alice in Wonderland*-type context, it is neither logical nor compelling.

> not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id.* at 555.

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases. *See, e.g.*, *Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006). The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir. 1980). Likewise, granting groundless disqualification motions also encourages judge-shopping.

Lattanzio's arguments that the Court does not "hear" the plaintiff and "sidesteps any negative motion issues brought before [it] by [the] plaintiff" are baseless and clearly stem from his dissatisfaction with the Court's previous rulings. He has neither alleged nor offered any evidence of partiality or of a conflict of interest that would reasonable draw into question the ability of the undersigned to preside over this matter. 28 U.S.C. § 455(a); *United States v. Tolbert*, 459 F. App'x 541, 545 (6th Cir. 2012). Likewise, Lattanzio has failed to property raise an issue of judicial bias that would reasonably draw into question the Court's impartiality. His assertions to the contrary are misplaced, and only seem to reflect his personal dissatisfaction with how the litigation is unfolding.

Next, the Court will not stay this proceedings because Lattanzio wishes to seek appellate review. Lattanzio has not cited any authority to support his motion to stay. And for good reason since the authority on this point is to the contrary. As the United States Court of

Appeals for the Sixth Circuit noted just last month, where the district court has not entered a final appealable order terminating all of the issues presented in the litigation, "an order denying recusal is not immediately appealable under the collateral order doctrine." *Mischler v. Bevins*, 2018 WL 3220480 (6th. Cir. March 16, 2018). This case does not present facts which fall within the narrow exception to this general rule. Thus, the plaintiff cannot use a baseless attempt to remove the undersigned and stay the matter as a tool to prolong this already protracted litigation. Accordingly, it is hereby

**ORDERED** that the plaintiff's motion to disqualify and stay [Record No. 110] is **DENIED**.

This 18th day of April, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge